IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LINCOLN NATIONAL LIFE INSURANCE )
COMPANY, )
        Plaintiff, )
         )
v. ) Civil Action No. 1:07 CV 800
DEBORAH CONDELLONE and TRENT )
CONDELLONE, )
        Defendants.

### MEMORANDUM OPINION AND ORDER AND JUDGMENT

THIS MATTER is before the Court upon Plaintiff's, Lincoln National Life Insurance Company f/k/a Jefferson-Pilot Life Insurance Company ("Lincoln"), Motion for Determination of Interpleader pursuant to 28 U.S.C. §§ 1335 and 2361 (Doc. No. 16) filed April 8, 2008. Defendant Deborah Condellone has filed a response in which she consents to the interpleader. Defendant Trent Condellone has not filed any response to the motion. After a thorough review of the file, and the motion, the Court now makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The Court makes the following findings of fact:

Plaintiff, Lincoln, issued a life insurance policy bearing policy no. JP4335501 (the "Policy"), which insured the life of Peter C. Condellone (the "Insured").

The Insured died August 26, 2007. At the time of the Insured's death, the beneficiary or beneficiaries of the Policy became entitled to payment from the Plaintiff.

As of October 24, 2007, the net benefit due and payable under the Policy was $161,022.12 (the "Policy Proceeds").

Defendants Deborah Condellone and Trent Condellone each asserts competing claims to the Policy Proceeds, each claims to be a beneficiary under the Policy and each disputes the amount to which the other is entitled to receive pursuant to the Policy.

Deborah Condellone is a citizen of North Carolina and Trent Condellone is a citizen of Missouri.

Plaintiff brought this action, pursuant to 28 U.S.C. § 1335, against persons which have asserted claims against the Policy. Plaintiff now moves for determination of its interpleader claim and, <u>inter alia</u>, for discharge from further liability and permanent injunctive relief pursuant to 28 U.S.C. §§ 1335 and 2361.

1. In view of the Defendants' adverse and conflicting interests, Plaintiff was unable to make an apportionment of the Policy Proceeds among the Defendants and, therefore, filed the instant action.

2. On December 3, 2007, Plaintiff deposited the Policy Proceeds (in the amount of $161,022.12) into the registry of the Court.

3. The Court finds: (A) that this action was filed by Plaintiff, a corporation, which had in its custody or possession money of the value of $500.00 or more; (B) that there were two or more adverse claimants of diverse citizenship as defined in 28 U.S.C. § 1332 claiming to be entitled to such money; and (C) that Plaintiff deposited such money into the registry of the Court. Therefore, the requirements of 28 U.S.C. § 1335 have been met and the Court has original jurisdiction over this matter.

## **CONCLUSIONS OF LAW**

Based upon the foregoing findings of fact, the Court concludes as a matter of law that:

To the extent that any of the foregoing Findings of Fact are deemed, or constitute, Conclusions of Law, those Findings of Fact are restated and incorporated herein.

The captioned action is a proper action or proceeding for interpleader under 28 U.S.C. § 1335 and for determination of the respective rights, if any, of the Defendants to the Policy and to the Policy Proceeds, and this Court has jurisdiction over the subject matter of this action and the parties thereto.

Plaintiff's Motion for Determination of Interpleader should be granted.

The net benefit due and payable under the Policy is $161,022.12 (the "Policy Proceeds"), and said total has been deposited into the registry of the Court;

Plaintiff is discharged from any and all liability to any and all Defendants and from any and all liability under the Policy, and the Policy is deemed null and void with no further force or legal effect;

1. The Plaintiff is dismissed from this action;

2. Defendants are permanently restrained and enjoined from instituting or prosecuting any action or proceeding against Lincoln arising out of, or related to, the Policy in any federal or state court; and

3. This Court will retain jurisdiction of this action for the determination of such further matters as properly come before the Court, such as, without limitation, Deborah Condellone's Motion for Judgment on the Pleadings.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that:

The captioned action is a proper action or proceeding for interpleader under 28 U.S.C. § 1335 and for determination of the respective rights, if any, of the Defendants under the Policy and to the Policy Proceeds, and this Court has jurisdiction over the subject matter of this action and the parties thereto.

Plaintiff's Motion for Determination of Interpleader is granted.

The net benefit due and payable under the Policy is $161,022.12, and said total has been deposited into the registry of the Court;

Lincoln is discharged from any and all liability to any and all Defendants and from any and all liability under the Policy;

1. Lincoln is dismissed from this action and shall bear its own costs and attorneys' fees (see Doc. No. 20);

2. Defendants are permanently restrained and enjoined from instituting or prosecuting any action or proceeding against Lincoln arising out of, or related to, the Policy in any federal or state court;

3. This Court will retain jurisdiction of this action for the determination of such further matters as properly come before the Court, such as, without limitation, Deborah Condellone's Motion for Judgment on the Pleadings; and

Lincoln shall have such other and further relief that is just and appropriate.

This the 19 day of June, 2008.

                                             _William L. Osteen, Jr._
                                             United States District Judge