IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| Lincoln National Life Insurance Company, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:07CV00800 |
| Deborah Condellone and Trent Condellone, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

OSTEEN, JR., District Judge

Presently before the court is a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) filed by Defendant Deborah Condellone. (Doc. 14.) Also before the court is a motion filed by Defendant Trent Condellone to dismiss Deborah Condellone's 12(c) motion. (Doc. 28.) For the reasons set forth below, the court hereby denies Trent Condellone's motion to dismiss the 12(c) motion, and grants Deborah Condellone's motion for judgment on the pleadings. The court further orders that judgment in this matter be entered in favor of Deborah Condellone.

**Factual Background and Procedural Posture**

In November 1994, Jefferson-Pilot Life Insurance Company, now known as Lincoln National Life Insurance Company ("Lincoln"), issued a life insurance policy on the life of Peter Condellone. The policy named Peter Condellone's wife, Deborah Condellone, as the owner and primary beneficiary under the policy.

When Peter Condellone died in August 2007, both Deborah Condellone and Peter Condellone's son, Trent Condellone, claimed to be beneficiaries of the policy. In October 2007, Lincoln filed an action for interpleader and declaratory judgment to allow it to deposit the proceeds of the policy with the court, and to request that the court determine the proper beneficiary of the policy. Both Trent Condellone and Deborah Condellone answered Lincoln's complaint and entered cross-claims for declaratory judgment, each alleging that they are the sole beneficiary of the policy.

In December 2007, Lincoln deposited the policy proceeds ($161,022.12) in the registry of the court and, in June 2008, was dismissed from the action. The only two parties that remain in this lawsuit are Deborah Condellone and Trent Condellone. Consequently, the only issue remaining is the determination of the lawful beneficiary of the policy.

In March 2008, Deborah Condellone filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal

Rules of Civil Procedure. A hearing on the Rule 12(c) motion was set for July 1, 2008 but Trent Condellone did not appear at the hearing. Because he is proceeding pro se in this case, this court sent Trent Condellone a letter advising him of Deborah Condellone's motion and of his right to file a response, as well as any other affidavits or materials demonstrating that there is a disputed fact. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

Trent Condellone subsequently filed two memoranda opposing Deborah Condellone's Rule 12(c) motion and moving to dismiss her motion. He also submitted an affidavit setting out the reasons why he believes he is entitled to be the beneficiary under the policy. Among other things, the affidavit suggests that the life insurance application contained "lies" about "material facts" concerning Peter Condellone's health; that "Peter Condellone at all times was led to believe that a life insurance policy payable to me was in force or had been replaced by an instrument paying to me"; and that "Peter's health problems and substance abuse, and the complex shell game nature of his finances as managed by Deborah Condellone, caused him confusion, bewilderment, and led up to the ultimate deception which resulted in this insurance policy replacing a policy that paid to me." (T. Condellone Aff. ¶¶ 3, 6, 11, Doc. 27.) Finally, Trent Condellone reasoned that "[i]f the amount is paid by the insurance company, it should be

3

paid to me." (T. Condellone Aff. ¶ 12, Doc. 27.)

**Discussion**

Rule 12(c) of the Federal Rules of Civil Procedure allows for judgment on the pleadings as a means of disposing of cases when material facts are admitted or not controverted in the pleadings, and only questions of law remain to be decided by a court. <u>Colin v. Marconi Commerce Sys. Employees' Ret. Plan</u>, 335 F.Supp.2d 590, 596 (M.D.N.C. 2004). "A motion for judgment on the pleadings is determined by the same standard applied to a motion to dismiss for failure to state a claim upon which relief can be granted." <u>John S. Clark Co., Inc. v. United National Ins. Co.</u>, 304 F.Supp.2d 758, 763 (M.D.N.C. 2004). Essentially, a party cannot succeed on a motion for judgment on the pleadings when allegations in the nonmovant's pleadings would permit recovery if supported by sufficient proof. <u>Id.</u> at 764. When considering a motion for judgment on the pleadings, the district court should base its decision solely on information contained in the pleadings. <u>Id.</u> A court may also look to documents extraneous to the complaint, provided that they are "integral to and explicitly relied on in the complaint" and their authenticity is not in question. <u>Colin</u>, 335 F.Supp.2d at 596. Review of such materials is proper without converting the motion into one for summary judgment. <u>Id.</u>

When examining the pleadings in this case, as well as the copy of the life insurance policy as incorporated into the pleadings,[1] it is clear that there is only one issue between the two remaining parties: whether Trent Condellone or Deborah Condellone is the beneficiary of the life insurance policy. The policy clearly states that Deborah Condellone is the named owner and beneficiary of the policy, yet Trent Condellone alleges in his answer and cross-claim — without providing any supporting facts — that he is the beneficiary of the policy. In his answer, Trent Condellone does not offer any allegations of fraud or undue influence on the part of Deborah Condellone. Nor does he make any allegations concerning Peter Condellone's mental state or intent to make Trent Condellone a beneficiary of this policy. His claim that he is the beneficiary is undermined by the "true and accurate" copy of the insurance policy, explicitly stating that Deborah Condellone is the owner and beneficiary. (Pl.'s Ex. 1, Doc. 2-2.)

In response to this court's Roseboro notice, Trent Condellone also submitted an affidavit in opposition to Deborah Condellone's motion for judgment on the pleadings. Even if the court were to consider this affidavit as part of Trent

---

[1] Both parties have admitted that the insurance policy attached to the complaint is a "true and accurate" copy; therefore, the policy's validity is not disputed. (Compl. ¶ 8, Doc. 2; D. Condellone's Answer ¶ VIII, Doc. 10; T. Condellone's Answer ¶ VIII, Doc. 13).

5

Condellone's answer and cross-claim against Deborah Condellone, the allegations he submitted still would not provide him with a legally sufficient means of relief against Deborah Condellone.

First, Trent Condellone has no standing to assert that he is entitled to the proceeds of the policy based on any fraud by Deborah Condellone in procuring the policy. See T. Condellone Aff. ¶ 2, Doc. 27 (alleging that "the policy was obtained through the fraud of Peter C Condellone [sic] and Deborah Condellone ...."). In order for a party to have standing, he must have suffered an injury-in-fact; the injury must be traceable to the actions of the defendant; and it must be likely that the injury will be redressed by a favorable decision by the court. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). In the present case, even assuming that Trent Condellone could prove that Deborah Condellone fraudulently procured the policy, he cannot show that he was in fact injured by her actions, or that because of her fraud he is legally entitled to the proceeds of that policy. Lincoln is the only party that could have asserted a claim of fraud in procuring the policy against Deborah Condellone. Since Lincoln chose not to challenge the validity of the policy, and the proceeds of the policy have already been deposited with the court, the policy's legality is no longer at issue in this case. Any allegations of fraud by Deborah

6

Condellone in obtaining this policy are not claims which may be asserted by Trent Condellone.

Trent Condellone's affidavit further alleges that Peter Condellone "at all times was led to believe that a life insurance policy payable to me was in force or had been replaced by an instrument paying to me." (T. Condellone Aff. ¶ 6, Doc. 27.) Trent Condellone also alleges that Deborah Condellone managed Peter Condellone's finances, and that Peter Condellone's health and substance abuse problems "caused him confusion, bewilderment, and led up to the ultimate deception which resulted in this insurance policy replacing a policy that paid to me." (T. Condellone Aff. ¶ 11, Doc. 27.) Finally, Trent Condellone states that he has recorded phone conversations with his father suggesting that Peter Condellone believed Trent Condellone to be the beneficiary of some life insurance policy, although these recordings were not submitted with the affidavit. (T. Condellone Aff. ¶ 4, Doc. 27.)

Not only are these statements and allegations of questionable evidentiary admissibility, they are also largely irrelevant. Peter Condellone's intent as to who was to be the beneficiary of this insurance policy is not at issue in this proceeding, as Deborah Condellone is clearly the named beneficiary and owner of this particular policy. As Peter Condellone's wife, Deborah Condellone has a right to take out an

insurance policy on her husband's life, as well as designate or change the beneficiary as she chooses. See Pl.'s Ex. 1, Doc 2-2, at 5 ("the Owner may exercise every right and option and receive every benefit provided by this policy."); see also Fidelity Bankers Life Ins. Co. v. Dortch, 318 N.C. 378, 381, 348 S.E.2d 794, 797 (1986) ("The power to change beneficiaries falls squarely into the category of rights and privileges under the [life insurance] contract."). It is not relevant, therefore, whether or not Peter Condellone intended to make Trent Condellone the beneficiary of this policy. See Fidelity Bankers at 381-82, 348 S.E.2d at 797 ("it must be recognized that the owner is the only person who can exercise [the power to change the beneficiary], even though the owner is not the insured.").

Even if Peter Condellone, as the insured, did have the power to change the beneficiary, Trent Condellone does not suggest that Peter Condellone intended for Trent Condellone to be the beneficiary of this particular policy. Rather, Trent Condellone alleges that this policy replaced another policy that was to be paid to him, and that this "switch" was somehow caused by Deborah Condellone's deceitful behavior. (T. Condellone Aff. ¶ 11, Doc. 27.) However, this court cannot allow Trent Condellone to continue this lawsuit against Deborah Condellone based only on the allegation that Peter Condellone intended for Trent

Condellone to benefit from the proceeds of a nonexistent life insurance policy.

**Conclusion**

For these reasons, this court holds that the pleadings do not show that Trent Condellone has any justiciable or legally sufficient claim against Deborah Condellone for the proceeds of this policy. Trent Condellone has no standing to assert a claim of fraud against Deborah Condellone. The pleadings, as well as the insurance policy as incorporated into the pleadings, clearly establish that Deborah Condellone is the owner and sole beneficiary of the policy. The court concludes that Deborah Condellone's motion for judgment on the pleadings should be granted.

It is therefore ORDERED that Defendant Deborah Condellone's motion for judgment on the pleadings (Doc. 14) is hereby GRANTED and judgment be entered in her favor. Defendant Trent Condellone's motion to dismiss the motion of Defendant Deborah Condellone (Doc. 28) is DENIED. It is further ORDERED that the Clerk of Court issue a check for the interpleader funds in the amount of $161,022.12 to Defendant Deborah Condellone within ten (10) days of the date of this Order.

This the 1st day of October 2008.

　　　　　　　　　　　　　　　　William L. Osteen, Jr.
　　　　　　　　　　　　　　　　United States District Judge